The STATE of Ohio, Appellee,

v.

SEARLS, Appellant.

[Cite as *State v. Searls* (1997), 118 Ohio App.3d 739.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 96–CA–0034.

Decided March 26, 1997.

**740**

*Gregg Marx,* for appellee.

*Jerrold W. Schwarz,* for appellant.

GWIN, Presiding Judge.

Defendant Christopher Seals appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, convicting and sentencing him on two counts of attempted rape. Appellant had originally been indicted on two counts of rape, two counts of gross sexual imposition, and one count of corruption of a minor, and appellant had entered a plea of not guilty to the charges. After the court overruled his motion to suppress, appellant negotiated a plea bargain, and eventually changed his plea to no contest to the two counts of attempted rape. Appellant assigns a single error to the trial court:

"The trial judge erred to the prejudice of the defendant by overruling the motion to suppress with the finding that appellant's waiver of *Miranda* rights was made voluntarily."

The trial court conducted a hearing on appellant's motion to suppress a statement given by appellant to police officers on March 5, 1996. Appellant had alleged that the detective in the case made various statements and promises to him, making him believe that if appellant talked to police he would not be arrested.

The trial court entered a memorandum on May 21, 1996, finding that appellant was given the appropriate warnings under the *Miranda* rule when he arrived at the sheriff's office. Some fifty minutes then elapsed, during which time the sheriff's deputies conducted "preliminary talks" with appellant. The preliminary talks were not tape recorded. Eventually, appellant signed a waiver of his *Miranda* rights, and gave a statement.

The trial court conceded that there was a question as to whether the appellant willingly engaged in the recorded interview, and willingly and voluntarily waived his rights. The court deplored the sheriff's deputies' fifty-minute unrecorded dialogue, and noted that the appellant could have been given conflicting impressions about what his situation was, what was expected of him, and when, if at all, he would be free to leave. The court noted that appellant first denied any involvement with the alleged victim in the case, but later admitted his involvement. Sheriff's deputies indicated that during the untaped preliminary phase of the interview, appellant was unwilling to talk freely about contact with the victim until the sheriff threatened to call appellant's girlfriend, who the court found had apparently had some knowledge about the case. The deputy testified that this was sufficient to persuade the defendant to speak candidly. The court found that

appellant's wish to keep his girlfriend out of the case was a sufficient explanation as to why appellant would agree to speak with the sheriff's deputies, even though the result was inconsistent with his earlier denials of involvement. The court also found that appellant's argument, that he reasonably believed that if he confessed to the rape the police would let him go, was not credible under the circumstances. The court concluded that appellant's will was not overcome by improper inducement, and that he knowingly and intelligently waived his *Miranda* rights and made the statement.

First, we must determine what our standard of review is in regard to a trial court's judgment entered on a motion to suppress. In the recent case of *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, the United States Supreme Court held that in reviewing a motion to suppress, the ultimate questions of whether an officer had reasonable suspicion to make an investigatory stop and whether an officer had probable cause to make a warrantless search are reviewed by an appellate court *de novo*. In conducting the appellate review, the court reviews the trial court's findings of the facts of the case only for clear error and with due weight given to inferences the trial judge drew from the facts. This comports with the mandate in *State v. Mills* (1992), 62 Ohio St.3d 357, 582 N.E.2d 972, wherein the Ohio Supreme Court noted that the evaluation of evidence and the credibility of the witnesses are issues for the trier of fact in the hearing on the motion to suppress. *Id.* at 366, 582 N.E.2d at 981–982. The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence. Then, however, we proceed to review trial court's application of law to those facts *de novo*. See, *e.g., State v. Beard* (Mar. 26, 1996), Athens App. No. 95CA1685, unreported, 1996 WL 139663 (Stevenson, J., concurring).

Thus, when appellant challenges the trial court's findings of fact, we must determine whether the findings of fact are against the manifest weight of the evidence. On the other hand, if the appellant argues that the trial court did not apply the correct law to the findings of fact, this court has no obligation to defer to the trial court's determination of Ohio law. Instead, we must independently determine whether the facts meet the appropriate legal standard. See *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172, 1173–1174; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908–909; and *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726.

Here, appellant challenges the trial court's findings of fact. The trial court heard conflicting testimony regarding what occurred during the fifty-minute unrecorded dialogue between appellant and the deputies. The trial court found that there must have been conversation between the appellant and the deputy during that fifty minutes, but simply found that the appellant's version of

events was not credible. The court found instead that the state's explanation of why the appellant would change his mind and cooperate with the deputies was more credible than appellant's explanation. The court concluded that appellant knowingly and intelligently signed the waiver of *Miranda* rights and voluntarily made the inculpatory statement.

It is clear from the memorandum of May 21, 1996, that the trial court was disturbed by the deputies' behavior, as are we. However, the trial court found as a matter of fact that appellant was not threatened, coerced, or otherwise improperly induced to make an involuntary statement. Our review of the record leads us to conclude that the trial court's findings of fact are not against the manifest weight of the evidence. See *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583.

The assignment of error is overruled.

*Judgment affirmed.*

WILLIAM B. HOFFMAN and JOHN W. WISE, JJ., concur.