This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Carl Mercer, appeals from his conviction in the Lorain County Court of Common Pleas for driving under the influence. We affirm.
On August 4, 1999, the Lorain County Grand Jury indicted Defendant on two separate counts: (1) aggravated vehicular homicide, in violation of R.C. 2903.06(A); and (2) driving under the influence, in violation of R.C. 4511.19(A)(1). Prior to trial, Defendant moved to suppress the evidence obtained during the warrantless seizure of his person. The trial court denied Defendant's motion to suppress on May 18, 2000.
A jury trial was held. At the close of all evidence, Defendant made a Crim.R. 29 motion for acquittal, which was denied by the trial court. The jury found Defendant guilty of driving under the influence, but could not reach a verdict as to the aggravated vehicular homicide charge.
Following the jury's verdict, Defendant moved for acquittal on the aggravated vehicular homicide charge. The trial court denied Defendant's motion on August 30, 2000. On September 12, 2000, Defendant pled no contest to the aggravated vehicular homicide charge. The trial court sentenced him accordingly. Defendant timely appealed the driving under the influence conviction, raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred and abused its discretion when it denied [Defendant's] motion to suppress evidence.
 In his first assignment of error, Defendant avers that the police lacked probable cause to arrest him for driving under the influence. As such, the police did not have the right to request Defendant to undergo a breathalyser examination; and therefore, the trial court erred in denying his motion to suppress the evidence obtained as a result of this seizure. We disagree.
"At a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact." State v.Smith (1991), 61 Ohio St.3d 284, 288. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739, 741. However, an appellate court's review of the trial court's application of law to those facts is de novo. Id. See, also, Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
The validity of a breathalyzer test is dependent upon the validity of the arrest. See R.C. 4511.191(A). As such, the police officer must have probable cause to believe that the individual committed a crime in order to effectuate an arrest. State v. Timson (1974), 38 Ohio St.2d 122, paragraph one of the syllabus. To determine whether the police officer had probable cause to arrest the individual, the Ohio Supreme Court, inState v. Homan (2000), 89 Ohio St.3d 421, 427, stated:
 [W]e consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we will examine the "totality" of facts and circumstances surrounding the arrest.
 (Citations omitted). Moreover, "probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on [field sobriety] tests." Id.
At the suppression hearing, Patrolman Gould testified that when he spoke with Defendant he could smell alcohol on Defendant's breath. Sergeant Jasinski also testified that the alcohol smell emanating from Defendant was "really strong." Moreover, Sergeant Jasinski noted that Defendant's speech was incoherent, in that, his answers did not coincide to the questions asked and he could not consistently relay what had occurred that evening. Sergeant Jasinski further testified that he knew Defendant had ingested alcohol and that alcohol had been purchased. Lastly, Sergeant Jasinski stated that Defendant acknowledged that he was driving the vehicle. Accordingly, we conclude that the evidence presented at the suppression hearing was sufficient to establish probable cause to arrest Defendant for driving under the influence. Therefore, the trial court did not err in denying Defendant's motion to suppress. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred and abused its discretion when it denied [Defendant's] [Crim.R.] 29 motion to dismiss because the manifest weight of the evidence, even when construed in a light most favorable to the Appellee, was insufficient to convince reasonable minds that the [Defendant] was appreciable impaired.
 Defendant argues that his conviction for driving under the influence was based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignment of error is without merit.
As a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
 (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Defendant was found guilty of driving under the influence, in violation of R.C. 4511.19(A)(1), which states in relevant part that "[n]o person shall operate any vehicle * * * if * * * [t]he person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]"
At trial, Patrolman Gould and Sergeant Jasinski testified that they smelled alcohol on Defendant's person. Sergeant Jasinski further stated that the smell of alcohol was "strong." Additionally, both officers articulated that Defendant's speech was mixed up and incoherent. However, the officers did not know if the incoherent nature of Defendant's speech was a result of the alcohol or the events of that evening. Hence, Defendant's argument focuses on whether he was "under the influence" of alcohol. An individual is considered "under the influence" of alcohol when, as a result of consuming an alcoholic substance, the individual's ordinary intellect and control lacks clarity. State v. Hardy (1971), 28 Ohio St.2d 89, 91-92.
Maria Niskey and Mark Decredico both testified at trial to the following: (1) during the course of the evening two 12-pack cases of beer were purchased by Defendant and Mr. Decredico; (2) Defendant was driving the vehicle; (3) Defendant stated "I've had seven beers and I'm not even drunk yet[;]" and (4) Defendant instructed them not to tell the cops that they were drinking. Mr. Decredico further testified that Defendant consumed six, seven, or eight beers, and that he detected a change in Defendant's demeanor; Defendant was no longer sober. Moreover, Ms. Niskey stated that Defendant was not acting consistent with his personality. Specifically, she stated that Defendant followed her into the women's washroom at a Denny's Restaurant, he walked along the edge of a bridge, and he recklessly drove the car.
The State also presented evidence that the breathalyser test indicated that Defendant's blood alcohol level registered .116, an amount exceeding the legal limit. Defendant did not present any evidence and rested following the State's case.
In this case, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of driving under the influence. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. Accordingly, Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.