This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jerry Jones ("Jones"), appeals his conviction from the Summit County Court of Common Pleas. We affirm.
 I.
On June 16, 2001, two Akron police officers responded to a citizen's complaint regarding suspected drug activity at 16 South Rhodes Avenue, Akron, Ohio. The officers observed the scene for 30 to 60 seconds from a location that was approximately 100 to 150 yards from the address. The officers noticed five males loitering in front of a building. After observing the scene and discussing the possible drug activity, the officers approached the group. As the cruiser approached, two men walked away from the group in opposite directions. An officer called from the window of the cruiser to one of the men who was leaving the group and asked him to return to the group. This man was Jones, and he rejoined the group.
As Jones returned to the group, the officer observed Jones place two fingers and the thumb of his left hand into the waistband of his warm-up pants. After backup officers arrived, the officers performed a Terry pat down search for weapons. Officer Armstead conducted a pat down search of Jones by using a flat palm to search Jones' chest, waist and groin area. He immediately felt a gumball-sized, hard substance in a plastic bag located on the left side of Jones' genital area. The substance recovered from the baggie in Jones' pants tested positive for cocaine.
Jones was indicted on possession of cocaine, in violation of R.C.2925.11(A). On July 27, 2001, Jones moved the trial court to suppress evidence obtained during a warrantless search of his person. After a suppression hearing, the trial court overruled Jones' motion. On September 20, 2001, the trial court accepted Jones' plea, found him guilty of the charge and sentenced him to 10 months in prison.
This appeal followed.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING OR REFUSING TO SUPPRESS EVIDENCE OBTAINED AS THE RESULT OF AN ILLEGAL, WARRANTLESS SEARCH OF DEFENDANT'S PERSON WELL BEYOND THE DICTATES OF TERRY V. OHIO AND MINNESOTA V. DICKERSON.
Jones alleges that the search of his person exceeded the scope of permissible searches as delineated in Terry v. Ohio (1968), 392 U.S. 1,20 L.Ed.2d 889 and Minnesota v. Dickerson (1993), 508 U.S. 366,124 L.Ed.2d 334. Therefore, he argues that the evidence procured through this improper search should have been suppressed. We disagree.
When the trial court considers a motion to suppress, it makes both factual and legal determinations. When we review a trial court's decision that evidence arising out of a challenged seizure should not be suppressed we apply the law, de novo, to the facts as determined by the trial court. Ornelas v. U.S. (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911,920; State v. Searls (1997), 118 Ohio App.3d 739, 741. We note that, inOrnelas, the United States Supreme Court advised that "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas,517 U.S. at 699, 134 L.Ed.2d at 920.
Under the Fourth Amendment, a police officer is justified in conducting an investigative stop of an individual only if he has reasonable and articulable suspicion that the individual is engaged in criminal activity. Terry, 392 U.S. at 19-20, 20 L.Ed.2d at 905, fn. 16. However, as the Terry Court acknowledged:
 [o]bviously, not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.
Id., 392 U.S. at 19-20, 20 L.Ed.2d at 905, fn. 16.
An encounter which does not involve physical force or a show of authority is a consensual encounter that does not trigger Fourth Amendment scrutiny; therefore, an officer does not need reasonable suspicion merely to approach an individual in order to make reasonable inquiries of him. See Florida v. Bostick (1991), 501 U.S. 429,115 L.Ed.2d 389; State v. Retherford (1994), 93 Ohio App.3d 586, 594-595.
In this case, Officer Armstead's initial contact with Jones from the window of the cruiser was not a seizure triggering Fourth Amendment scrutiny and requiring reasonable suspicion; rather, it was a consensual encounter. The officer simply asked Jones if he would rejoin the group to which Jones voluntarily complied. The officer needed no reasonable suspicion that Jones was violating the law or was engaged in any other criminal activity in order to justify such actions. The mere fact that the officer was seated in a police cruiser when he asked Jones to rejoin the group did not convert the otherwise consensual encounter into a stop or seizure.
However, the contact escalated from a consensual encounter into one requiring reasonable suspicion for an investigative detention based upon the officer's observations of Jones as he rejoined the group. The record reflects that Jones was wearing two pairs of pants. The outer layer was a pair of fleece warm-ups. As Jones returned to the group, Officer Armstead observed Jones place his left hand into the waist-band of his pants. Jones' behavior concerned Officer Armstead because he knew several types of weapons are small enough to easily fit in a waistband. Backup officers arrived on the scene and Officer Armstead conducted a Terry pat down search of Jones.
Pursuant to the holding in Terry:
 where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
Terry, 392 U.S. at 30, 20 L.Ed.2d at 911. The Court extended the bounds of the permitted search in Dickerson where it held that:
 [i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.
Dickerson, 508 U.S. at 375-76, 124 L.Ed.2d at 346. The plain feel exception to the warrant requirement allows the state to use evidence seized during a Terry search if the police officer, due to his experience arresting drug offenders, feels contraband whose contour or mass makes its identity "immediately apparent" to him. Id., 508 U.S. at 375,124 L.Ed.2d at 346.
When deciding whether a temporary stop is permissible under Terry, we look to see whether the police had a reasonable suspicion that criminal activity was occurring. See Illinois v. Wardlow (2000), 528 U.S. 119,123, 145 L.Ed.2d 570, 575-576. The purpose of a Terry stop is not to accuse, but to investigate. Facts which might be given an innocent construction will support the decision to detain an individual momentarily for questioning, so long as one may rationally infer from the totality of the circumstances that the person may be involved in criminal activity. U.S. v. Cortez (1981), 449 U.S. 411, 417-418, 66 L.Ed.2d 621,629. An officer must be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Bobo (1988), 37 Ohio St.3d 177,178-179.
In Bobo, the Ohio Supreme Court concluded that the totality of the following circumstances supported a finding of reasonable suspicion: the reputation of the area for criminal activity, the officer's experience with drug transactions, the officer's familiarity with the area and how drug transactions occurred there, the officer's perception of the scene, the officer's observation of furtive movements, and the fact that it was night. Id. at 179-180; see, also, State v. Ward (1992), 80 Ohio App.3d 701,703.
At the suppression hearing, the prosecution presented the following testimony and evidence. The encounter between the officers and Jones occurred in a known drug area. Throughout his four years of experience with the patrol division, Officer Armstead has personally observed drug transactions and has made several drug related arrests in this area of town. As a police cruiser approached a group of men that were loitering outside of a building, Jones walked away from the group. Officer Armstead observed Jones exhibit furtive hand movements as Jones rejoined the group. During the course of the pat down search, Officer Armstead felt a gumball-sized, hard substance in a plastic bag located on the left side of Jones' genital area. Having performed over a hundred similar searches, the officer realized the moment he touched the substance in the baggie that it was contraband. He removed the baggie and the substance tested positive for cocaine.
Based on the totality of circumstances, the officer was authorized to conduct a pat-down search for weapons to protect his own safety and that of his fellow officers. While the officer did determine with reasonable certainty that the gumball-sized substance in the baggie was not a weapon, the officer was not required to ignore the item as he was able to discern that the item was most likely contraband. Pursuant to Dickerson, the officer was permitted to remove the item when, because of the shape of the item, it became "immediately apparent" that the item was contraband. Therefore, the search did not exceed the bounds of a permissible search as set forth in Terry or Dickerson. Accordingly, the trial court did not err in overruling Jones' motion to suppress.
The assignment of error is overruled.
 III.
Having overruled Jones' sole assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR