This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio ("State"), appeals from the judgment in the Lorain County Court of Common Pleas, Juvenile Division, that granted the motion to suppress of Defendant, Dwayne Taylor. We reverse.
{¶ 2} On August 12, 2002, the State filed a complaint against Defendant and asserted he possessed cocaine, in violation of R.C.2925.11(A), and was ungovernable. Defendant moved to suppress all of the evidence seized by the police officers, and contended this evidence was the result of an unconstitutional search and seizure. The magistrate denied Defendant's motion. Subsequently, Defendant objected to the magistrate's decision. The trial court rejected the magistrate's decision and granted Defendant's motion to suppress. The State timely appeals, and raises one assignment of error for review.
 Assignment of error "The trial court erred to the prejudice of [the State] when it determined that Officer Palmer had no reasonable, articulable belief that [Defendant] was armed, dangerous or involved in criminal activity when he was patted down, since the record clearly reflects Officer Palmer conducted the legal pat-down for his safety and to avoid any dangerous conditions, as he suspected [Defendant] to be involved in criminal activity."
{¶ 3} In its sole assignment of error, the State avers that Officer Palmer conducted a legal pat-down because he had a reasonable, articulable belief that Defendant was armed, dangerous or involved in criminal activity. As such, the trial court erroneously rejected the magistrate's decision, thereby granting Defendant's motion to suppress.
{¶ 4} When ruling on a motion to suppress, the trial court makes both factual and legal findings. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. Accordingly, "the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v.Smith (1991), 61 Ohio St.3d 284, 288; State v. Hopfer (1996),112 Ohio App.3d 521, 548. It follows that an appellate court's review of a motion to suppress involves both questions of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332; State v. Nietfeld (Sept. 28, 2001), 3rd Dist. No. 2-01-05, 2001-Ohio-2285. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739, 741;State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, an appellate court's review of the trial court's application of law to those facts is de novo. Searls, 118 Ohio App.3d at 741. See, also, Ornelas v. UnitedStates (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911.
{¶ 5} Generally, an officer must have a "specific and articulable" belief that an individual is armed and dangerous before conducting a pat-down search for weapons. Terry v. Ohio (1968), 392 U.S. 1, 21, 27,20 L.Ed.2d 889. However, the Ohio Supreme Court has recognized various circumstances in which a police officer may conduct a limited pat-down search for weapons absent a specific and articulable belief that the individual is armed and dangerous. See State v. Lozada, 92 Ohio St.3d 74, paragraph one of the syllabus, 2001-Ohio-149; State v. Evans (1993),67 Ohio St.3d 405, paragraph one of the syllabus. See, also, State v.Weese, 9th Dist. No. 20769, 2002-Ohio-3750, at ¶ 13. In particular, a police officer may pat-down an individual prior to placing the individual in the police cruiser. See Lozada, 92 Ohio St.3d 74 at paragraph one of the syllabus; Evans, 67 Ohio St.3d 405 at paragraph one of the syllabus. See, also, Weese at ¶ 13. When an officer conducts a pat-down search without a specific and articulable belief that the individual is armed and dangerous, "the legitimacy of the pat-down search depends on the legitimacy of the officer's placement of the [individual] in the patrol car." Weese at ¶ 13, citing Lozada,92 Ohio St.3d at 76.
{¶ 6} In the instant case, the record reveals that Officer Palmer observed a Chevy vehicle travelling at an excessive rate of speed. The vehicle contained three individuals. Additionally, Officer Palmer noticed that the vehicle had out-of-state license plates, and it appeared that someone had tampered with the back hatch lock and the driver's door lock and had re-painted the vehicle with black primer paint. Based on these observations, Officer Palmer stopped the vehicle. When he approached the vehicle, Officer Palmer saw Defendant with his legs outstretched and noticed he was wearing an ankle monitor. The officer had never encountered an individual wearing an ankle monitor outside of the house; therefore, despite Defendant's assertion that he had permission to be out of the house, Officer Palmer thought "something [was] going on" and decided to verify this assertion. As such, Officer Palmer asked Defendant to step out of the vehicle and accompany him to his police cruiser. Prior to placing Defendant in his cruiser and for safety purposes, Officer Palmer conducted a pat-down, and found crack cocaine in the right front pocket of Defendant's jeans.
{¶ 7} In light of the facts of this case, we find that Officer Palmer had a legitimate reason to place Defendant in the police cruiser. As Officer Palmer's reason to place Defendant in the police cruiser was legitimate, his decision to conduct a pat-down before placing Defendant in his cruiser was also legitimate. See Weese at ¶ 13, citingLozada, 92 Ohio St.3d at 76. Accordingly, we conclude that the trial court erroneously suppressed the evidence discovered by Officer Palmer while conducting a legitimate pat-down of Defendant. The State's assignment of error is sustained.
{¶ 8} The State's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed.