DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Michael Bruhn, appeals from the decision of the Lorain County Court of Common Pleas which denied his motion to suppress statements. We affirm.
 {¶ 2} On December 19, 2001, the Lorain County Grand Jury charged Defendant with one count of murder, in violation of R.C.2903.02(B); one count of felonious assault, in violation of R.C.2903.11(A)(1); one count of involuntary manslaughter, in violation of R.C. 2903.04(A); and one count of child endangering, in violation of R.C. 2919.22(B)(3). Defendant was arraigned and entered a plea of not guilty. Thereafter, he filed a motion to suppress statements. A hearing was held and the trial court denied Defendant's motion.
 {¶ 3} On September 16, 2003, Defendant withdrew his not guilty plea and entered a plea of no contest to the murder and felonious assault charges. The trial court accepted the plea and entered a finding of guilt based on various stipulations. Defendant was then sentenced to a prison term of fifteen years to life. Defendant timely appealed and asserts one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred in denying [Defendant's] motion to suppress as the statements were obtained by law enforcement officials in violation of [Defendant's] constitutional and statutory rights."
 {¶ 4} In his sole assignment of error, Defendant maintains that the court erred when it denied his motion to suppress statements made to law enforcement authorities while in custody. More specifically, Defendant alleges that his statements must be suppressed as he unambiguously requested counsel. We disagree.
 {¶ 5} A trial court makes both factual and legal findings when ruling on a motion to suppress. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. Accordingly, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653. An appellate court, therefore, is bound to accept a trial court's factual findings that are supported by competent, credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741;State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, the trial court's application of law to the factual findings is reviewed de novo on appeal. State v. Russell (1998),127 Ohio App.3d 414, 416. See, also, Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911.
 {¶ 6} The Sixth Amendment to the Constitution of the United States guarantees an individual the "right to consult with an attorney and to have counsel present during questioning" when that individual is undergoing custodial interrogation. Davis v.United States (1994), 512 U.S. 452, 457, 129 L.Ed.2d 362. These rights must be explained before the questioning commences. Statev. Williams, 10th Dist. No. 03AP-4, 2003-Ohio-7160, at ¶ 44, citing Davis, 512 U.S. at 457 and Miranda v. Arizona (1966),384 U.S. 436, 16 L.Ed.2d 694. Law enforcement authorities must immediately cease questioning an individual who has clearly and unambiguously asserted his right to have counsel present during custodial interrogation. Edwards v. Arizona (1981),451 U.S. 477, 484-485, 68 L.Ed.2d 378. All questioning must cease until counsel has been made available or further conversation is initiated by the accused. Davis, 512 U.S. at 458. However, "`after a knowing and voluntary waiver of the Miranda rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney.'" State v.Zaffino, 9th Dist. No. 21514, 2003-Ohio-7202, at ¶ 58, quotingDavis, 512 U.S. at 461. If the reference to an attorney is such that a reasonable officer, in light of the circumstances, would only have understood that the suspect might be invoking the right to counsel, precedent does not require the cessation of questioning. Davis, 512 U.S. at 459. An officer is not required to stop questioning an individual who merely indicates that he may want an attorney; statements such as, "I think I need a lawyer," "[m]aybe I should talk to a lawyer," and "I think that I would like an attorney" have been deemed too ambiguous to invoke the right to counsel. Zaffino at ¶ 58, citing State v.Henness, 79 Ohio St.3d 53, 63, 1997-Ohio-405.
 {¶ 7} At the suppression hearing, Defendant admitted that he was not only read his Miranda rights before being placed into the police cruiser but that he also signed a written waiver prior to custodial questioning. Although Defendant maintains that he "clearly expressed his desire to obtain counsel[,]" the record reveals otherwise. Detective Karl Yost testified that upon arriving at the police station, Defendant expressed his desire to speak with the officers. Detective Yost indicated that he asked Defendant if he would like an attorney and Defendant replied, "I don't know. Should I get one?"
 {¶ 8} Although Defendant indicated that he in fact wanted to speak with the detectives the evening of the offense, he also maintained that he inquired about an attorney several times. He recalled asking Detective Yost how to "go about getting one" and whether he needed one. Defendant indicated that he was informed that it was too late to have an attorney appointed for him that very evening. Defendant explained that he was then told it was standard procedure to sign a waiver of the Miranda rights if he did not have an attorney. Defendant further explained that he felt pressured to sign the waiver as he "didn't know any better" and was told that he would be able to see his son if he cooperated.
 {¶ 9} Upon review, we find that Defendant's assertions were not unequivocal and unambiguous requests for counsel. At best, the statements were an indication that Defendant may have wanted to invoke his right to counsel. Therefore, the trial court did not err in overruling Defendant's motion to suppress statements. Accordingly, Defendant's sole assignment of error is overruled.
 {¶ 10} Defendant's assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Batchelder, J, concurs.
Carr, P.J., concurs in judgment only.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.