DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Karl T. Welch, appeals the orders of the Summit County Court of Common Pleas, which denied his motions to suppress. This Court affirms.
 I. {¶ 2} On October 28, 2003, appellant was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(2), a felony of the second degree; one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the second degree; and one count of possession of marijuana in violation of R.C. 2925.11(A), a minor misdemeanor. Appellant pled not guilty to the charges.
 {¶ 3} On December 31, 2003, appellant filed a motion to suppress any evidence that the State may seek to introduce at trial. The trial court held a hearing on appellant's motion to suppress on January 15, 2004, and denied the motion.
 {¶ 4} On June 16, 2004, appellant filed a second motion to suppress any evidence that the State may seek to introduce at trial. The trial court held a hearing on appellant's second motion to suppress on October 21, 2004. The trial court denied appellant's second motion by order filed October 27, 2004, on the basis of res judicata, as well as on the merits of the motion.
 {¶ 5} On October 29, 2004, appellant withdrew his previous plea of not guilty and entered a plea of no contest to the charge of possession of cocaine in exchange for the State's dismissal of the remaining counts of trafficking in cocaine and possession of marijuana. The trial court found appellant guilty of one count of possession of cocaine and sentenced appellant accordingly.
 {¶ 6} Appellant timely appeals the trial court's orders, which denied his two motions to suppress. Appellant sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS WHERE THE SEARCH VIOLATES APPELLANT'S RIGHTS AGAINST UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 7} Appellant argues that his pat down by police officers was not constitutionally permissible, so that any items seized as a result of the pat down should have been suppressed. This Court disagrees.
 {¶ 8} "The review of a motion to suppress presents a mixed question of fact and law for an appellate court." State v. Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 7; State v. Long (1998),127 Ohio App.3d 328, 332. This Court must accept the trial court's factual determinations made during the suppression hearing, so long as they are supported by competent and credible evidence. Farris at ¶ 7;State v. Robinson (Oct. 25, 2000), 9th Dist. No. 19905. This Court, however, must review the trial court's application of the law to those facts de novo. Farris at ¶ 7; State v. Searls (1997),118 Ohio App.3d 739, 741.
 {¶ 9} The Fourth Amendment to the United States Constitution provides in part that "[t]he right of the people to be secure in their persons * * * against unreasonable searches and seizures, shall not be violated[.]" Section 14, Article I of the Ohio Constitution mirrors this provision.
 {¶ 10} On October 20, 2003, appellant was riding as a passenger in a Chevrolet Suburban, when a marked S.N.U.D. (Street Narcotics Uniform Division) police cruiser signaled for the Suburban to pull over to the side of the road. At the time, Sgt. Brian Simcox and Officer Steven Swartz of the Akron Police Department were on special detail, targeting problem drug areas in an effort to identify current problems and eliminate future ones. Officer Swartz testified that he and Simcox routinely ran the plates on the vehicles they saw. When they ran the plates on the Suburban, the cruiser's computer indicated that the vehicle's owner had an expired operator's license. The police, assuming that the owner was driving, stopped the vehicle.
 {¶ 11} Officer Swartz approached the vehicle from the passenger's side in an effort to "cover" Sgt. Simcox, when he approached the driver. As Swartz approached the front passenger window, he saw appellant "fumbling around" and reaching into his pants pocket then pulling his shirt down over the pocket. Appellant then rested his hand on top of the pocket area. Swartz then addressed appellant, who appeared extremely nervous. When Officer Swartz asked appellant for his name and social security number, appellant was unable to verbally respond at all, appearing "really nervous like he had cotton mouth."
 {¶ 12} Officer Swartz testified that his special training and experience led him to believe that appellant's fumbling, nervousness and inability to respond to the officer's questions indicated that "there's something wrong here." As he and Sgt. Simcox were on drug detail, Officer Swartz continued that he was concerned by appellant's behavior that there may be narcotics. He testified that he knew from experience that, where there were narcotics, there was a possibility that there was a weapon. Swartz testified that he feared that appellant may have been concealing a weapon, so he requested that appellant step out of the vehicle. He then initiated a weapons pat down of appellant. While frisking appellant for weapons, Swartz felt "some type of hard rocky substance" that he believed to be crack cocaine. Officer Swartz testified that he asked appellant what he had in his pocket and that appellant told him to "go ahead and get it out." The substance turned out to be approximately 19 grams of crack cocaine.
 {¶ 13} Appellant does not challenge the legitimacy of the initial traffic stop. Rather, he challenges his subsequent pat down.
 {¶ 14} The United States Supreme Court stated in the landmark case ofTerry v. Ohio (1968), 392 U.S. 1, 29, 20 L.Ed.2d 889, that a police officer may conduct a limited search of a person for weapons in order to protect himself or other people in the immediate vicinity. The Ohio Supreme Court, in reliance on Terry, has held that "where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 59, quoting State v. Bobo (1988), 37 Ohio St.3d 177, paragraph two of the syllabus.
"In determining the reasonableness of the officer's belief, courts examine the totality of the circumstances, including the following factors: 1) whether the location of the contact is an area of high crime or high drug activity, see Adams v. Williams (1972), 407 U.S. 143, 147,32 L.Ed.2d 612; Bobo, 37 Ohio St.3d at 179; 2) the suspect's non-compliance with the officer's orders, see Adams, 407 U.S. at 148; 3) the time of the occurrence, see id.; State v. Andrews (1991),57 Ohio St.3d 86, 88; Bobo, 37 Ohio St.3d at 179; 4) the officer's experience, Andrews, 57 Ohio St.3d at 88; Bobo, 37 Ohio St.3d at 179; 5) the lack of backup for the officer, Andrews, 57 Ohio St.3d at 88; 6) the contact's location away from the police cruiser, Andrews,57 Ohio St.3d at 88; Bobo, 37 Ohio St.3d at 179; 7) whether the suspect is fleeing the officer or the scene, Andrews, 57 Ohio St.3d at 88; Statev. Smith (1978), 56 Ohio St.2d 405, 409; 8) any furtive movements by the suspect, Bobo, 37 Ohio St.3d at 179; Smith, 56 Ohio St.2d at 409; 9) the precautionary measures taken by the officer, id; and 10) the suspected offense. State v. Evans (1993), 67 Ohio St.3d 405, 413." State v.Stiles, 11th Dist. No. 2002-A0-078, at ¶ 17.
 {¶ 15} In this case, although the officers initially stopped the vehicle because of a report that the owner's license had expired, the officers stopped the vehicle in an area known for high drug traffic. In fact, the officers were on special drug targeting detail at the time. As he approached the vehicle, Officer Swartz, who testified that he is 6'5" tall, saw appellant through the Suburban's window as he furtively fumbled in his pants pocket, then pulled his shirt over the pocket and rested his hand on the pocket area. When the officer approached appellant's window, appellant reacted nervously and was unable to respond to the officer's request for appellant's name and social security number. Officer Swartz testified that, based on his experience, he suspected that appellant may be concealing a weapon. As the officers were on drug targeting detail, Officer Swartz continued that he knew from experience that, where there were narcotics, there were often weapons. Officer Swartz testified that he became fearful for his safety and the safety of Sgt. Simcox. Because of that fear, Officer Swartz conducted a pat down of appellant, frisking for weapons. Under the totality of the circumstances, this Court finds that the trial court did not err by finding that Officer Swartz had a reasonable belief that appellant may have been armed. Accordingly, the trial court did not err by finding that the officer's pat down of appellant was constitutionally permissible.
 {¶ 16} During the pat down, Officer Swartz felt something hard and rock-like in appellant's pocket. Officer Swartz testified that based on his experience as a police officer, he immediately believed the substance to be crack cocaine. The United States Supreme Court adopted the "plain-feel" doctrine, stating that
"[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." Minnesotav. Dickerson (1993), 508 U.S. 366, 3757-6, 124 L.Ed.2d 334.
 {¶ 17} Furthermore, Officer Swartz did not reach in appellant's pocket to remove the "hard rocky substance." Rather, he asked appellant what was in his pocket. Officer Swartz testified that appellant then gave him permission to remove the item from his pocket.
 {¶ 18} Appellant does not contest the legality of the initial vehicle stop. Even though the vehicle's driver was in possession of a valid operator's license, Officer Swartz observed appellant's furtive acts before Sgt. Simcox had an opportunity to approach the driver and discover that fact. Under the circumstances, this Court finds that Officer Swartz had a reasonable basis to believe that appellant may have been armed and for conducting a pat down of appellant. While frisking appellant for weapons, Officer Swartz identified a rock of crack cocaine in appellant's pocket by virtue of the "plain-feel" doctrine. Appellant subsequently gave the officer permission to remove the cocaine from his pocket. Accordingly, the trial court did not err by denying appellant's motions to suppress. Appellant's assignment of error is overruled.
 III. {¶ 19} Appellant's assignment of error is overruled. Accordingly, the orders of the Summit County Court of Common Pleas, which denied appellant's motions to suppress, are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Batchelder, J. Moore, J. Concur