DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Adam Franchi, appeals from the judgment of the Summit County Court of Common Pleas denying his motion to suppress. This Court affirms.
 I. {¶ 2} Appellant's indictment stemmed from the events of September 4, 2004. On that night, Detective Donny Williams arrested an individual who was operating a mobile methamphetamine lab. The individual agreed to cooperate with Detective Williams and indicated that he could obtain additional methamphetamine. At approximately 4:00 a.m., the informant placed a phone call to Appellant and requested a "ball" of methamphetamine, approximately 2.8 grams. The informant told Detective Williams that the drugs would be transported from Tallmadge Avenue and would be delivered by a yellow Mustang.
 {¶ 3} Shortly after the informant made the call, officers observed a yellow Mustang on Tallmadge Avenue, driving toward the address designated for delivery of the drugs. The officers stopped the vehicle and ordered everyone out of the car. Ms. Sarah Filipowicz, Appellant's girlfriend, was driving the car. Appellant was in the front passenger's seat and another individual was in the backseat. Based upon the information from the informant and the questioning of Ms. Filipowicz, officers searched the vehicle and recovered drug paraphernalia. Officers then arrested Appellant and took him to the police station and prepared to perform a strip search. Prior to performing the search, methamphetamine fell from the leg of Appellant's pants. Thereafter, Appellant was indicted on one count of aggravated possession of drugs, a violation of R.C. 2925.11.
 {¶ 4} Prior to trial, Appellant moved to suppress the drug evidence obtained at the police station. In support, Appellant argued that the officers lacked a reasonable, articulable suspicion to justify the investigative stop of the Mustang. In addition, Appellant argued that even if the stop was justified, the extended duration violated his constitutional rights. The trial court disagreed and denied Appellant's motion. Appellant then pled no contest and was sentenced to ten months incarceration. Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF AN ILLEGAL SEARCH AND SEIZURE OF THE PERSON OF [APPELLANT]."
 {¶ 5} In his sole assignment of error, Appellant contends that the trial court erred in finding that the search of his person was authorized by the facts known to the officers at the time of the search. We disagree.
 {¶ 6} A trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. State v. Long
(1998), 127 Ohio App.3d 328, 332. This Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741. The application of the law to those facts, however, will be reviewed de novo. Id.
 {¶ 7} Appellant first asserts that the initial pat down by the officers violated his rights. We note, however, that no evidence was recovered from Appellant through the pat down, and the pat down did not provide any information that led to Appellant's arrest. Accordingly, Appellant can demonstrate no prejudice from any alleged violation of his rights based on the pat down by the officers.
 {¶ 8} Appellant also asserts that the officers violated his rights when the officers extended the investigatory stop longer than necessary. In support, Appellant relies upon State v. Copeland (Aug. 4, 1993), 9th Dist. Nos. 93CA005545, 93CA005547, 93CA005548, 93CA005549. This Court finds that Appellant's contention lacks merit.
 {¶ 9} We first note that Copeland is inapplicable to the case at hand. In Copeland, the defendant was not arrested prior to being searched. Instead, the State urged that the repeated searches of the defendant were lawful as part of an investigative stop. Id. at *4. Further, in Copeland, the three searches occurred over a one and a half hour time period and no evidence of a crime was recovered until the final search. Id. at *2-3. In the instant matter, Appellant was arrested prior to being taken to the police station because drug paraphernalia was recovered from the vehicle. Copeland's analysis of the reasonableness of an investigative stop, therefore, is inapplicable. Accordingly, we proceed to review whether probable cause existed for Appellant's arrest.
 {¶ 10} Police officers may stop and arrest an individual when there is probable cause that the individual in question committed a criminal offense. United States v. Watson (1976), 423 U.S. 411, 417. Probable cause exists when, at the time of the stop or arrest, police officers have knowledge of facts and circumstances sufficient to warrant a belief by a prudent person that an offense was committed and that the person to be stopped or arrested committed the offense. Beck v. Ohio (1964),379 U.S. 89, 91.
 {¶ 11} The trial court found the following facts based upon testimony from the suppression hearing. An individual who had been arrested agreed to cooperate with Detective Williams. With Detective Williams present and listening, the informant called Appellant and requested that Appellant deliver a "ball" of methamphetamine to a residence in Akron. The delivery was to be made in a yellow Mustang which would leave from Tallmadge Avenue. Shortly after this conversation, officers witnessed a yellow Mustang driving on Tallmadge Avenue, at between four and five in the morning. The officers initiated a stop of the vehicle and ordered everyone from the car.
 {¶ 12} The trial court continued its findings as follows. The officers patted down the driver, Ms. Filipowicz and found no drugs on her. Officer Mallick, an officer at the scene, however, observed a pipe in the backseat of the car and a saucer which he suspected contained drug residue. Detective Williams questioned Ms. Filipowicz and she indicated that Appellant was in possession of drugs and that he had either hidden them on his person or in the car or given them to the backseat passenger of the car. As a result, officers searched the car and seized a pouch, a pipe, a spoon, and marijuana. Having discovered drug paraphernalia but not the methamphetamine, the officers arrested Appellant and transported him to the police station and prepared the appropriate paperwork to execute a strip search. Prior to the strip search, the drugs fell from Appellant's pant leg and were seized.
 {¶ 13} Our review of the record indicates that the trial court's findings of fact were supported by competent and credible evidence, based upon the testimony of Detective Williams. Based upon the trial court's findings of fact, we find that the officers had "facts and circumstances within their knowledge and of which they had reasonably trustworthy information * * * sufficient to warrant a prudent man" to believe that Appellant was in possession of drugs. Beck, 379 U.S. at 91. The informant's information regarding the vehicle was verified; officers saw drug paraphernalia in plain sight in the car, and Detective Williams testified that Ms. Filipowicz informed him that Appellant was in possession of drugs. Accordingly, the officers had probable cause to arrest Appellant for drug possession.
 {¶ 14} Once a person is under arrest, "[o]fficers may perform a full search of an arrestee's person regardless of the offense prompting the arrest." State v. Jones (2000), 88 Ohio St.3d 430, 439, (overruled on other grounds by State v. Brown (2003), 99 Ohio St.3d 323) citing UnitedStates v. Robinson (1973), 414 U.S. 218. The officers, therefore, were authorized to search Appellant's person at the police station following his arrest. Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur