DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, appeals the decision of the Summit County Court of Common Pleas, which granted in part, the appellee, Stephen Beasley's motion to suppress. This Court reverses.
 I. {¶ 2} This appeal arises from a search of the home of Stephen Beasley, the appellee and defendant in the underlying action, on November 15, 2006. The police went to Mr. Beasley's residence to arrest him pursuant to a warrant. While at his residence, the police became involved in a search, during which various items were seized. *Page 2 
 {¶ 3} Mr. Beasley was indicted on one count of aggravated trafficking, a violation of R.C. 2925.03(A)(1); two counts of trafficking in cocaine, a violation of R.C. 2925.03(A)(1); one count of possession of cocaine, a violation of R.C. 2925.11(A); one count of weapons under disability, a violation of R.C. 2923.13(A)(3); and one count of possession of criminal tools, a violation of R.C. 2923.24. In a supplemental indictment, he was also charged with two counts of endangering children, a violation of R.C. 2919.22(A). Mr. Beasley pled not guilty to the charges.
 {¶ 4} Mr. Beasley filed a motion to suppress evidence seized by the police during a search of his home that was conducted while they were executing a warrant for his arrest. The trial court set a date for a hearing on Mr. Beasley's motion to suppress for February 14, 2007. On February 14, 2007, there was a snow storm and the prosecutor assigned to the case could not attend the hearing. Another prosecutor attended the hearing along with three police officers and Mr. Beasley's counsel. At that time, the trial court did not hold a hearing, but Mr. Beasley's counsel was able to speak with the lead officer on the case and agreed that the officers' presence would not be needed at subsequent proceedings. In addition, the trial court determined that the only issue before the court was whether the officers' entrance into Mr. Beasley's home was proper.
 {¶ 5} On March 28, 2007, the trial court held a suppression hearing. At the hearing, the court stated that it only wanted to hear evidence concerning the *Page 3 
officers' entrance into Mr. Beasley's home. Mr. Beasley agreed with the court that the only challenge he was asserting dealt with the entry into his home. The State then presented the testimony of Detective Chris Carney, the officer who made the initial entry into Mr. Beasley's home. On April 11, 2007, the trial court issued an order granting, in part, Mr. Beasley's motion to suppress. The State appealed the trial court's order, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED ERROR WHEN IT DETERMINED A MOTION TO SUPPRESS BASED UPON FACTS NOT ADMITTED INTO EVIDENCE[.]"
 {¶ 6} In its sole assignment of error, the State argues that the trial court erred by granting, in part, Mr. Beasley's motion to suppress. Specifically, the State contends that the trial court relied on evidence outside the record in making its decision. This Court agrees.
 {¶ 7} Initially, we note that Mr. Beasley did not file a brief. This Court may, therefore, accept the State's statement of the facts and issues as correct and reverse the trial court's judgment if the State's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 8} This Court notes that both R.C. 2945.67 and Crim.R. 12(K) establish the state's right to appeal from the granting of a pretrial motion to suppress. R.C. 2945.67(A) provides, in pertinent part: "A prosecuting attorney * * * may appeal as *Page 4 
a matter of right any decision of a trial court in a criminal case * * * which decision grants * * * a motion to suppress evidence * * *." Crim.R. 12(K) further provides:
 "[t]he appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently."
 {¶ 9} The State filed the instant appeal on April 17, 2007, six days after the trial court granted, in part, Mr. Beasley's motion to suppress. As the appeal was timely filed, this Court may properly address the merits of the State's sole assignment of error.
 {¶ 10} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones (Mar. 13, 2002), 9th Dist. No. 20810. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. A trial court's legal conclusions, however, are reviewed by an appellate court de novo. Id.
 {¶ 11} In the present matter, the trial court's April 11, 2007 journal entry references the meeting in chambers on February 14, 2007, between the judge, defense counsel, the prosecutor, and a member of the detective bureau. The court goes on to state that Mr. Beasley did not consent to a search of his home, but that *Page 5 
eventually, his wife, Mrs. Beasley, gave her consent. However, neither Mr. Beasley nor his wife testified at the suppression hearing on March 28, 2007. Detective Carney, the only witness at the suppression hearing, testified that he was unaware as to whether Mr. Beasley consented to the search. Furthermore, the trial court's order makes reference to Mrs. Beasley's consent. However, there was no testimony regarding Mrs. Beasley's consent at the suppression hearing. The trial court's reference to and reliance on statements that were apparently made during the "in chambers consultation" on February 14, 2007, was erroneous. Therefore, the State's assignment of error is sustained.
 III. {¶ 12} The State's assignment of error is sustained. The order of the trial court granting, in part, Mr. Beasley's motion to suppress is reversed and the matter remanded to the trial court for the purpose of conducting another hearing on Mr. Beasley's motion to suppress.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 6 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 SLABY, P. J. DICKINSON, J. CONCUR. *Page 1