OPINION
{¶ 1} Ronald Anderson ("Anderson") appeals the decision of the Chardon Municipal Court denying his motion to suppress. For the reasons set forth below, we reverse the decision of the trial court in this matter.
 {¶ 2} On August 1, 2003, at approximately 9:00 a.m., Anderson was stopped by Deputy James Dhayer ("Dhayer"). Dhayer effectuated the stop of Anderson because Anderson, and the vehicle in which he was traveling, generally matched the description received from dispatch regarding a suspicious little blue car with a male driver traveling in the area. The anonymous tip[1] received by dispatch did not include any more details of the vehicle, i.e. a license plate number or the make or model of the vehicle. In stopping Anderson, Dhayer did not observe any traffic violations. Although there had been reports of theft in the area, Dhayer did not stop Anderson in connection with the reported thefts. After commencing the stop, Dhayer determined that Anderson's license was suspended, as well as expired.[2]
 {¶ 3} Anderson was charged with driving without a valid license and driving under suspension. Anderson pleaded not guilty and filed a motion to suppress. A hearing on the motion was heard on October 21, 2003. At the conclusion of that hearing, the trial court denied Anderson's motion to suppress.[3] Thereafter, Anderson changed his plea to no contest to the charge of driving without a valid license. The driving under suspension charge was dismissed. The trial court sentenced Anderson to ten days in jail and fined Anderson $300.00.
 {¶ 4} Anderson timely appealed. Anderson's sentence was stayed pending this appeal. Anderson raises the following assignment of error:
 {¶ 5} "The trial court erred by denying appellant's motion to suppress when the state failed to prove that the stop of his vehicle was justified by specific and articulable facts."
 {¶ 6} In his sole assignment of error, Anderson argues that Dhayer did not possess the requisite reasonable suspicion that Anderson was involved in or about to become involved in criminal activity to effectuate the stop. Rather, Anderson claims that he was stopped for merely appearing suspicious. Thus, as Anderson asserts, the initial stop by Dhayer was unconstitutional.
 {¶ 7} The trial court acts as trier of fact at a suppression hearing and must weigh the evidence and judge the credibility of the witnesses.State v. Hill, 75 Ohio St.3d 195, 208, 1996-Ohio-222. Since the trial court is in the best position to resolve the factual issues, State v.Searls (1997), 118 Ohio App.3d 739, 741, citing State v. Mills (1992),62 Ohio St.3d 357, 366, an appellate court is bound to accept the trial court's factual determinations as long as they are supported by competent and credible evidence. Searls, 118 Ohio App.3d at 741. Once the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts. Id.
 {¶ 8} In denying the motion to suppress, the trial court found that Dhayer verified what was called into the dispatch by the anonymous informant, i.e. that a little blue car was traveling in the area. The trial court also found that the informant's statement that the vehicle was suspicious was a conclusion made by the informant. The trial court finally found that the call from dispatch obligated Dhayer to investigate the matter and, in so investigating and verifying the presence of a blue car traveling in the area, Dhayer possessed reasonable suspicion to stop Anderson. Since the trial court's factual determinations are supported by competent and credible evidence, thus, binding this court to accept these factual findings as accurate, we now must "independently determine as a matter of law whether the applicable legal standard has been satisfied." See State v. Burrows, 11th Dist. No. 2000-T-0089, 2002-Ohio-1961, at ¶ 25, citing State v. Retherford (1994), 93 Ohio App.3d 586, 592.
 {¶ 9} The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." TheFourth Amendment is enforceable against the states through the Due Process Clause of the Fourteenth Amendment. Mapp v. Ohio (1961),367 U.S. 643, 655. Stopping a vehicle and detaining its occupants is a seizure within the meaning of the Fourth Amendment. Delaware v. Prouse
(1979), 440 U.S. 648, 653, citing United States v. Martinez-Fuerte
(1976), 428 U.S. 543, 556-558.
 {¶ 10} A stop of a vehicle based on probable cause that a traffic violation has occurred or was occurring "is not unreasonable under theFourth Amendment to the United States Constitution even if the officer has some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Daytonv. Erickson, 76 Ohio St.3d 3, 11, 1996-Ohio-431. In this case, however, Dhayer conceded that he did not observe any traffic violations and that he stopped Anderson solely based on the report from dispatch regarding a suspicious vehicle.
 {¶ 11} To justify an investigative stop, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."Terry v. Ohio (1968), 392 U.S. 1, 21. Reasonable suspicion must be viewed in light of the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus. "An inarticulate hunch or suspicion is not enough. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law." State v. Dickinson
(Mar. 12, 1993), 11th Dist. No. 92-L-086, 1993 Ohio App. LEXIS 1428, at *4 (citations omitted).
 {¶ 12} "[A]n anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity" to justify an investigative stop. Alabamav. White (1990), 496 U.S. 325, 329 (citation omitted). "This is not to say that an anonymous caller could never provide the reasonable suspicion necessary for [an investigative] stop." Id. A stop is lawful if the facts relayed in the tip are "sufficiently corroborated to furnish reasonable suspicion that [the defendant] was engaged in criminal activity." Id. at 331.
 {¶ 13} In this case, Dhayer merely verified that there was a blue vehicle traveling in the area. Dhayer did not observe any traffic violations, nor did he observe anything to provide him with reasonable suspicion that Anderson was engaged in criminal activity. Moreover, there were no other articulable facts to support a conclusion that Anderson was engaging in or was about to engage in criminal activity, such as, the time of day or knowledge of recent criminal activity in the area. Rather, upon simply observing a blue vehicle in the area, Dhayer immediately effectuated a stop of the vehicle based on the conclusion by the anonymous informant that a "suspicious" blue vehicle was traveling in that same area. We find that Dhayer's observance of a blue vehicle traveling in the area does not provide the requisite corroboration of the anonymous informant's tip, nor does it furnish reasonable suspicion that Anderson was engaged in criminal activity. Moreover, since an officer's mere conclusion that an individual or a situation appears suspicious does not provide the requisite reasonable belief that a defendant is engaged in criminal activity, Brown v. Texas (1979), 443 U.S. 47, 52, it would be even more tenuous to find that an officer possesses such a reasonable belief based only upon an anonymous third party's conclusion that an individual or situation appears suspicious.
 {¶ 14} Consequently, we find that, under the facts as testified to at the suppression hearing, Dhayer did not possess the reasonable suspicion necessary to effectuate an investigative stop of Anderson. See BowlingGreen v. Tomor, 6th Dist. No. WD-02-012, 2002-Ohio-6366, at ¶ 11 ("because [the officer] did not know the identity of the informant or the facts the informant used to report a suspicious white car, [the officer] needed further corroboration to stop the car in which appellee was a passenger," even though it was late at night and the officer had knowledge of recent thefts in the area); North Olmsted v. Gabel (Sept. 2, 1993), 8th Dist. No. 63736, 1993 Ohio App. LEXIS 4235, at *6 (a stop based upon a tip from a known informant concerning a "suspicious vehicle" is insufficient to warrant an investigative stop of the vehicle); State v.Watkins (Jan. 4, 1995), 5th Dist. No. 94CA03009, 1995 Ohio App. LEXIS 373, at *6 ("This is not a case where a police officer relies solely on an anonymous telephone report of suspicious activity to justify a traffic stop of a motor vehicle."); cf. Maumee v. Varnes (June 5, 1998), 6th Dist. No. L-97-1402, 1998 Ohio App. LEXIS 2388, at *5-*8 (the stop of the defendant was lawful where dispatch received a tip from a known
informant, where the informant stated that a vehicle was following her, and had been for approximately ten miles, where the informant gave sufficient details about the vehicle, including the license plate number, and where the officer, approximately three minutes after receiving the call from dispatch, verified that the vehicle was, in fact, traveling close behind the informant, actions which the court noted could be considered criminal in nature). We, therefore, find that the trial court erred in denying Anderson's motion to suppress.
 {¶ 15} An officer has a duty to investigate an anonymous tip reporting "suspicious" behavior, especially in these times of heightened security. Thus, while Dhayer's efforts in upholding this duty to investigate are understandable, we cannot ignore that the facts, as testified to at the suppression hearing, fail to demonstrate that Dhayer possessed the requisite reasonable suspicion to effectuate the stop of Anderson.
 {¶ 16} For the foregoing reasons, we hold that Anderson's sole assignment of error has merit. The decision of the Chardon Municipal Court is reversed and judgment is entered for Anderson.
Christley, J., concurs, O'Neill, J., concurs in judgment only.
[1] Since Dhayer was the only witness to testify at the suppression hearing and since he admitted that he had no knowledge about the informant, including the informant's identity, there is nothing in the record to indicate that the informant was anything but anonymous.
[2] Since the state has failed to file a brief, we have "accept[ed] the appellant's statement of facts and issues as correct." App.R. 18(C).
[3] There is no judgment entry in the record denying the motion to suppress. Moreover, the videotape transcript of the hearing on the motion to suppress submitted on appeal cuts-off prior to the trial court's ruling on the motion. However, considering that, as discussed above, we accepted Anderson's statement of facts as correct and because Anderson acknowledges that the trial court denied his motion to suppress, we conclude that the motion was denied. Moreover, when the record does not contain any ruling on a pending motion, we presume the motion was denied. State v. McGee (Mar. 12, 1998), 8th Dist. No. 72148, 1998 Ohio App. LEXIS 984, at *2 (citation omitted).