JOURNAL ENTRY AND OPINION
{¶ 1} The state appeals the trial court's granting the motion of defendant, Raeshawn Porter, to suppress the evidence resulting from the stop of the vehicle he was driving. Around 1:00 am on the day in question, the police were engaged in hidden surveillance of a known drug area because earlier that evening another officer had arrested a man who told that officer that an African-American male driving a "light colored vehicle" would be in that area to make a drug sale. According to the testimony at hearing, "[a] call had been made to a suspected drug dealer. He was going to be bringing drugs to" the location the officers were watching, a strip mall on East 191st Street and Euclid Avenue. Tr. at 6. A gold van drove slowly through the parking lot of the strip mall then proceeded down a road and around the block. Once the van left the parking lot, the arresting officer followed it, ran its plates, and stopped it. At the time the officer stopped the van, the report on the plates had not yet come through.
 {¶ 2} Defendant, the driver of the van, could not produce a driver's license, but he gave the police his name and social security number. With this information, they discovered that he was driving on a suspended license and arrested him. The license plate report then came back that the plates had been stolen in West Virginia. No drugs were found in the van or on defendant's person.
 {¶ 3} Defendant, claiming the stop was illegal and violated his constitutional rights, filed a motion to suppress the information obtained from the stop. The trial court held a hearing, at which the only witness was the arresting officer. The trial court granted the motion to suppress, and the state appealed. Its only assignment of error follows:
I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO SUPPRESS.
 {¶ 4} The state argues that the circumstances surrounding the stop of the van provided sufficient suspicion to justify the stop of defendant. It is well settled that "the state has the burden of going forward with evidence to show probable cause once the defendant has demonstrated a warrantless search or seizure and has raised lack of probable cause as a ground for attacking the legality of the search or seizure." Xenia v. Wallace (1988),37 Ohio St.3d 216, 218. Searches conducted without a warrant are presumed to be unreasonable per se unless they fit one of the few established exceptions. Id., quoting Coolidge v. New Hampshire
(1971), 403 U.S. 443, 454-455.
 {¶ 5} The right to be free from unreasonable search and seizure is found in the Fourth Amendment of the Constitution. InTerry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court noted that "the Fourth Amendment governs all intrusions by agents of the public upon personal security, and to make the scope of the particular intrusion, in light of all the exigencies of the case, a central element in the analysis of reasonableness." Id. at 19. This reasonableness is assessed by looking at the totality of the circumstances surrounding the search. State v. Freeman (1980), 64 Ohio St.2d 291, 294. To justify the intrusion of a stop, the police have to be able to point out specific and articulable facts that, with the rational inferences taken from those facts, support the belief that the stop is warranted. State v. Freeman (1980), 64 Ohio St.2d 291,294.
 {¶ 6} The surveillance in the case at bar resulted from a tip from an otherwise unknown arrestee. A tip, without more, rarely justifies a warrantless stop. State v. Anderson,2004-Ohio-3192, ¶ 12, citing Alabama v. White (1990),496 U.S. 325, 329. The officer was assigned to monitor the parking lot because another officer had received the tip. The Ohio Supreme Court has held "where an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." City ofMaumee v. Weisner (1999), 87 Ohio St.3d 295, 298.
 {¶ 7} The officer admitted at the hearing that he had no information about the person who had given the police the tip, and, to his knowledge, no other law enforcement officers had used this person as an informant before. Tr. 16-17. The officer received a dispatch that passed along the anonymous tip. This information fails both because the tip was not sufficiently reliable and because the state failed to demonstrate that the "facts precipitating the dispatch justified a reasonable suspicion of criminal activity." Id.
 {¶ 8} Other factors, apart from the tip, however, could have justified the stop. In Freeman, supra, the Ohio Supreme Court discussed other factors that could support a finding of a reasonable suspicion to justify a stop. It relied on (1) a high crime area; (2) recent criminal activity in the area; (3) a late hour; (4) and the behavior of the suspect. Id. at 295.
 {¶ 9} The Ohio Supreme Court reaffirmed the existence of the activity in a high crime area as a criteria supporting a warrantless search. State v. Bobo (1988), 37 Ohio St. 3d 177,179. It was not disputed at the suppression hearing that the strip mall parking lot was an area of high drug sales. The testifying officer stated that he had personally made "[p]robably 40 to 50" drug arrests there. Tr. 8. This particular criteria was, therefore, met in the case at bar.
 {¶ 10} The second factor, recent criminal activity in the area, was shown only indirectly by the officer's testimony that this was a high drug sale area. The third factor, the late hour, was clearly established. The arrest occurred at 1:30 a.m.
 {¶ 11} The fourth factor, however, the behavior of the suspect, is lacking. Although the officer testified that he stopped the van because "[b]ased on [his] experience, it drove through the closed parking lot — or through a parking lot of all the closed businesses at a slow rate of speed as if he were looking for somebody or up to something that was not legal," Tr. 11, he admitted that he did not observe anything illegal.
 {¶ 12} In a similar case, this court held that absent criminal or at least suspicious behavior on the part of the suspect, the mere presence of the suspect in a high crime area or an area being given "special attention" pursuant to a tip "does nothing to create reasonable suspicion in a particular case. If this were so, any individual found in an area so designated would be a criminal suspect subject to a Terry stop. Even in high crime areas, a citizen is entitled to the presumption that he obeys the law. The investigatory stop in a high crime or `special attention' area still requires specific, articulable facts about the individual suspect or it is nothing more than random harassment." State v. Clark, 139 Ohio App. 3d 183, 188-189. InClark, the police received an anonymous tip that a man would be standing in a puffy feather coat outside a certain building. When the police saw a man fitting this description, they stopped him, then later searched him and found drugs. This court held that the fact that "a person might be found in a particular area is not a `specific' fact because it is subject to too many competing inferences to make it so. The testimony offered at the hearing failed to meet the State's burden of proving reasonable suspicion of criminal activity based upon specific articulable facts to justify its stop of Clark." Id. at 189. Similarly, here, the fact that defendant happened to drive into the parking lot in a light colored vehicle, without any evidence of criminal or even suspicious behavior, is not sufficient to support a reasonable suspicion of criminal activity.
 {¶ 13} The trial court did not err in granting defendant's motion to suppress the fruits of the illegal stop. Accordingly, this assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Kilbane, J., concur.