DECISION AND JOURNAL ENTRY
{¶ 1} This appeal is from the Summit County Common Pleas Court's denial of appellant Robert Arnold Salas' motion to suppress all evidence obtained from the police search which arose from his stop for jaywalking. For the following reasons, this Court finds that the trial court's denial of the motion was not proper and hereby reverses the trial court.
 I. {¶ 2} The facts in this case are not in dispute. Appellant was walking on Chittenden Street and crossed the street from the east side to the west side. He did not cross at a marked or unmarked crosswalk, but in the middle of a long residential street. While crossing the street, two Akron police officers patrolling that street observed appellant's crossing and tried to stop him. One officer got out of the car to stop him, but he kept walking. The other officer who was driving the cruiser pulled in front of him and asked him to stop. Both officers claim that they stopped appellant because of his jaywalking, but also admitted that part of the reason for the stop was because he was in a "high-drug area."
 {¶ 3} The officers then performed a field investigation which included obtaining appellant's name. The officers conducted a LEADS computer search on appellant's name and discovered that he had two outstanding misdemeanor warrants for his arrest. The officers arrested appellant and searched him, finding crack cocaine in his sweatband and marijuana in his sock.
 {¶ 4} Appellant requested the trial court to suppress the evidence of crack cocaine and marijuana because his stop for jaywalking violated the Fourth Amendment prohibition against unreasonable searches and seizures. The trial court denied the motion. Appellant pled no contest to possession of cocaine and was sentenced to one year of community control. Appellant timely appeals the trial court's denial of his motion to suppress and sets out one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in holding that the police may, without some articulable suspicion, stop a person for the sole purpose of performing a field investigation."
 {¶ 5} At a suppression hearing, the trier of fact is to evaluate the evidence and determine the credibility of witnesses.State v. Smith (1991), 61 Ohio St.3d 284, 288. This Court is bound to accept the factual determinations of the trial court so long as those findings are supported by competent and credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741.
 {¶ 6} At the suppression hearing, the trial court held that the police are permitted to inquire into the identity of a person without any reason. The court held:
"The point is the Court believes the law says that they [police] can stop anyone to ask regarding identification. The key is the level of intrusion and asking someone to be able to say who they are, the Courts have held is not such a level of intrusion that police officers have to really give any kind of a reason to stop someone just to FI them. In this case, from what I understand, there is this jaywalking offense, but even if they just FI the individual, at that point they run his name and then they find out he's got two arrest warrants. At that point, they are certainly well within their right to arrest him and search him incident to arrest. So, the Court at this time, based on the current state of the law, is going to deny the motion."
 {¶ 7} This Court believes that the trial court found that the encounter between appellant and the Akron police was consensual. If an encounter between a person and the police is consensual, then no "stop" has been made and no Fourth Amendment concerns are at issue. Florida v. Royer (1983), 460 U.S. 491, 497-98,75 L.Ed.2d 229; State v. Johnson (1993), 85 Ohio App.3d 475, 478.
 {¶ 8} Appellant argues that the trial court applied the wrong standard to the officers' conduct. A party may argue that the trial court failed to apply the correct law to its findings of fact. State v. Gillenwater (Mar. 31, 2003), 10th Dist. No. 02-AP-292, 2003-Ohio-1651, citing State v. Williams (1993),86 Ohio App.3d 37. If the trial court has committed an error of law, the reviewing court may reverse the ruling of the trial court. Id. In this case, this Court finds that the encounter between the police and appellant was not consensual in nature.
 {¶ 9} For purposes of applying the Fourth Amendment, a non-consensual stop will be deemed to have occurred when a reasonable person would not have felt free to decline the officer's request and the defendant actually yielded to a show of authority by officers. California v. Hodari D. (1991),499 U.S. 621, 626, 113 L.Ed.2d 690. At the suppression hearing, one officer testified that she got out of the car to "stop him" and when appellant failed to stop, the other officer "pulled the cruiser in front of him and asked him to stop." As such, appellant did not initially yield to the officer and no investigative stop occurred. It was only when appellant's path was blocked by a police cruiser in one direction and an officer on foot in another direction that appellant yielded to the officers and responded to their questions. As such, this Court finds that appellant yielded to a clear showing of police authority and as such a non-consensual investigative stop occurred and must be analyzed under the Fourth Amendment.
 {¶ 10} As such, this Court must determine what standard to apply to the stop. The courts have applied two different standards to stops for jaywalking. One test is the "reasonable suspicion" test set forth under Terry v. Ohio (1968),392 U.S. 1, 20 L.Ed.2d 889 (the "Terry test") and the other test is the "probable cause" test.
 {¶ 11} The first test used to determine if a stop for jaywalking is permissible is the Terry "reasonable suspicion" test.[1] A Terry stop is a limited exception to the Fourth Amendment's prohibitions against searches and seizures without probable cause. The police may make a limited stop of a person if they have a "reasonable, articulable suspicion" that a person has committed or is about to commit a crime. State v.Waller (June 27, 1997), 2nd Dist. No. 16101, citing Terry.
Whether an investigative stop is reasonable must be determined from the totality of the circumstances considered by a reasonable and prudent police officer on the scene. State v. Freeman
(1980), 64 Ohio St.2d 291; State v. Andrews (1991),57 Ohio St.3d 86; U.S. v. Hall (C.A.D.C., 1976), 525 F.2d 857; Statev. Waller, 2nd Dist. No. 16101.
 {¶ 12} Two very similar Ohio jaywalking cases have analyzed a "stop" using the Terry "reasonable suspicion" test. In Statev. Price (Sept. 21, 2000), 10th Dist. No. 99AP-806, the Tenth District used this test in determining whether the police were justified in stopping appellant for jaywalking. Appellant in that case walked across a long residential street. The applicable city code did not require a pedestrian to walk on the crosswalks when they were an unreasonable distance apart. In that case, the available crosswalks were one hundred yards away, five or six hundred yards away, a quarter of a mile away and an eighth of a mile away. The Court found that the crosswalks were an unreasonable distance apart and that appellant was not required to use them. Consequently, the police lacked reasonable suspicion to stop appellant for jaywalking.
 {¶ 13} In the other Terry jaywalking case, State v.Lemanski-Jester (Nov. 12, 1999), 2nd Dist. C.A. 17827, the police were patrolling when they observed the appellee step off the sidewalk and begin making her way across the street. When she was about one-third of the way across, she turned around and walked back. She was in between one intersection which had a traffic signal and a crosswalk, and another intersection which did not have either. The officer stopped appellee and advised her that she was jaywalking. She was arrested and police found cocaine on her person. She moved to suppress the evidence and the trial court granted the motion to suppress.
 {¶ 14} On appeal, the state argued that the police officer reasonably believed that appellee had jaywalked. The jaywalking ordinance in that case provided that: "[w]here usable walks or paths parallel a street or highway, pedestrians shall not travel in, along, or on the vehicular traveled portion of such street or highway, except to cross the roadway in the manner provided by law." It also provided: "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the rightof-way to all vehicles, trackless trolleys, or streetcar upon the roadway."
 {¶ 15} The Second District Court of Appeals held that appellee was clearly not jaywalking when she started to cross the street. Further, there was no dispute that appellee yielded the roadway to all vehicles. Consequently, no "objectively reasonable" police officer could have concluded that she was jaywalking.
 {¶ 16} The second standard courts use in determining the validity of a jaywalking stop is "probable cause."[2]
Probable cause is established to arrest or cite a person where the police observe conduct which they reasonably believe violates the law.[3] Whether the officer was correct that the conduct in fact violated a statute does not resolve the probable cause issue. Williams, 2nd Dist. No. 16306. The issue is whether a reasonable officer, confronted with the same facts and circumstances, would arrive at that belief. Id. The officer is not required to have a particular codified offense or its terms in mind so long as the officer reasonably believes that the conduct observed constitutes a particular form of offense. Id. Minor traffic violations provide probable cause. State v.Bunton (May 24, 1978), 1st Dist. No. 77464.[4]
 {¶ 17} In jaywalking cases, probable cause is determined by considering whether it was reasonable for the officer to believe that the person was jaywalking. Waller, 2nd Dist. No 16101;United States v. Ferguson (C.A. 6, 1993), 8 F.3d 385. In reviewing the stop under a probable cause standard, a court determines independently whether the facts meet the appropriate legal standard of "probable cause." Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L. Ed. 2d 911 (review of probable cause determinations should be made de novo by a reviewing court); State v. Claytor (1993), 85 Ohio App.3d 623, 627;State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
 {¶ 18} The Second District Court of Appeals in a factually similar case has applied a probable cause standard to jaywalking. In State v. Waller, supra, the police observed the appellant walking out in the middle of a street and stopping an incoming car to speak with its occupant. The police approached the appellant who immediately walked back to the sidewalk. The officer decided to cite the appellant for jaywalking.
 {¶ 19} On appeal from the trial court's denial of the motion to suppress, the Second District affirmed the trial court. The Court held that the officer had reasonable belief that the appellant had violated the jaywalking ordinance. The ordinance in that case provided that "[w]here usable walks or paths parallel a street or highway, pedestrians shall not travel in, along, or on the vehicular traveled portion of such street or highway, except to cross the roadway in the manner provided by law." Walking in the middle of the street and flagging down an approaching car were reasonable grounds to believe that appellant was jaywalking.
 {¶ 20} In the case at bar, this Court must determine whether an objectively reasonable officer would have "reasonable suspicion" under a Terry standard or a "reasonable belief" under a probable cause standard that appellant was jaywalking. To determine the case under either standard, this Court must first look at the ordinances applicable to jaywalking. Akron City Ordinance 77.05 (adapted from R.C. Section 4511.48) provides:
"(A) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway.
"* * *
"(C) Between adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except marked crosswalk[s]."
 {¶ 21} This statute is very similar to the one in State v.Lemanski-Jester under which the Second District found that no "objectively reasonable" officer would have believed appellant had jaywalked under a Terry "reasonable suspicion" standard.
 {¶ 22} The sole evidence at the suppression hearing was that appellant crossed Chittenden Street, a long residential street with many houses in a "highdrug area." The state presented no evidence regarding whether there were crosswalks available to appellant or not. If none were available, appellant would not be jaywalking if he crossed the street at a place other than a crosswalk so as long as he yielded the right of way. In this case, the officer testified that appellant did so yield. Under these circumstances, the state has failed to meet its burden of proving that the officer had either "reasonable suspicion" underTerry or "probable cause" to believe that appellant had jaywalked. Once this Court determines that the stop was unlawful, it follows that the resulting evidence must be suppressed. Weeksv. United States (1914), 232 U.S. 383.
 III. {¶ 23} This Court finds that the state had failed to meet its burden of proving that an objective officer would have had either "reasonable suspicion" or "probable cause" to believe that appellant was jaywalking. As such, the officers did not have the right to stop appellant. The trial court's denial of appellant's motion to suppress was not proper and is hereby reversed, and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Whitmore, J., Boyle, J., Concur.
[1] In State v. Price (Sept. 21, 2000), 10th Dist. No. 99AP-806, the Court held "[a] police officer may conduct a constitutionally valid traffic stop when there is a reasonable suspicion that the individual violated a traffic law * * * the stopping of an individual for a misdemeanor traffic offense is `analogous to a so-called `Terry' stop,'" citing State v. Lloyd
(1998), 126 Ohio App.3d 95, 102 and Knowles v. Iowa (1998),525 U.S. 113, 142 L.Ed.2d 492.
[2] In this case, the police are limited to citing appellant for jaywalking. The Ohio Constitution prohibits police from arresting people for jaywalking. State v. Williams, 2nd Dist. No. 16306.
[3] State v. Waller, 2nd Dist. No. 16101 ("Having probable cause, the officer is authorized by law to detain those persons for that purpose, and the detention is constitutionally reasonable for purposes of the Fourth Amendment" citing UnitedStates v. Ferguson, (C.A.6, 1993) 8 F.3d 385; State v.Lemanski-Jester, 2nd Dist. No. 17827 ("An officer's observation of conduct which demonstrates a criminal offense presents probable cause to arrest the offender.")
[4] It should be noted that this Court consistently analyzes a "Terry" stop under a "reasonable suspicion" analysis. The same analysis should apply here. Other cases analyzing jaywalking under a probable cause standard are reviewed to give a complete analysis of Ohio jaywalking cases.