DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dru Robinson, appeals from his conviction for possession of crack cocaine in the Wayne County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellant's arrest was the result of a traffic stop which occurred on January 2, 2004. Officer Quinn McConnell of the Wooster Police Department initiated a traffic stop when Appellant failed to signal before turning into a parking lot. Appellant did not provide identification to the officer when it was requested. Instead, Appellant gave the officer false information, indicating that he was Demarcus Robinson. He then gave the officer his date of birth and Officer McConnell asked his age. Appellant gave the wrong age based upon the birth date he had given the officer. Additionally, Officer McConnell learned that Appellant's passenger, his cousin Taurean Robinson, had an active warrant for his arrest. Officer McConnell then requested the assistance of additional officers in the arrest of Appellant and Taurean Robinson. Following these arrests, the officers searched the van Appellant was driving. They found a clear bag containing crack cocaine on the top of Appellant's wallet between the driver and passenger seats of the van.
 {¶ 3} As a result of the search of the vehicle, Appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11. Prior to his trial, Appellant moved to suppress the drug evidence, asserting that the traffic stop was initiated without probable cause. Upon hearing Officer McConnell's testimony that Appellant did not signal before turning, the trial court denied Appellant's motion. Appellant maintained his not guilty plea and a jury trial was held on July 12, 2004. The jury returned a verdict of guilty on the sole count in the indictment on July 12, 2004. Appellant then moved for a new trial, arguing that new evidence had been discovered in the form of a confession from Appellant's cousin. Appellant's motion was denied and he was sentenced to two years in prison. Appellant timely appealed, raising six assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred when it failed to suppress evidence obtained through an unlawful stop of the vehicle appellant was operating."
 {¶ 4} In his first assignment of error, Appellant argues that the trial court erred in failing to suppress drug evidence seized from the van. We find that Appellant's first assignment of error lacks merit.
 {¶ 5} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. However, the application of the law to those facts will be reviewed de novo. Id.
 {¶ 6} Appellant's sole contention is that Officer McConnell lacked probable cause to initiate the traffic stop which led to his arrest. We begin by noting that a traffic stop constitutes a seizure within the meaning of the Fourth Amendment. Whren v. United States (1996),517 U.S. 806, 809-810. However, an investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable suspicion that the individual is engaged in criminal activity. Maumee v.Weisner (1999), 87 Ohio St.3d 295, 299, citing Terry v. Ohio (1968),392 U.S. 1, 22. "To justify a particular intrusion, the officer must demonstrate `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" Weisner, 87 Ohio St.3d at 299, quoting Terry, 392 U.S. at 21. Evaluating these facts and inferences requires the court to consider the totality of the surrounding circumstances. State v. Freeman (1980),64 Ohio St.2d 291, paragraph one of the syllabus, certiorari denied (1981), 454 U.S. 822. "Thus, `if the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop.'" State v. Hoder, 9th Dist. No. 03CA0042, 2004-Ohio-3083, at ¶ 8, quoting State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716.
 {¶ 7} In the instant matter, Officer McConnell testified that Appellant committed a traffic violation when he failed to signal before turning into the convenient store parking lot. At the time Appellant turned, Officer McConnell had been following him for several blocks. While Appellant presented a witness who testified that she saw the turn signal on the front of the van working, the sole testimony regarding the rear turn signal came from Officer McConnell. Officer McConnell further testified that, while not certain, he believed that he tested Appellant's van in the parking lot and noted that the rear turn signal did not work. The van did not belong to Appellant and he could not say with certainty that the rear turn signal was operational. As a result, Officer McConnell's testimony was uncontroverted.
 {¶ 8} The trial court had before it competent, credible evidence that Appellant had committed a traffic violation before the stop was initiated and that Officer McConnell was justified in making the stop. Further, the right of police officers to search incident to arrest is a well-established exception to the warrant requirement of theFourth Amendment to the United States Constitution. State v. Murrell (2002),94 Ohio St.3d 489, 491, citing Chimel v. California (1969), 395 U.S. 752,762-763. Appellant, therefore, has not challenged the validity of the subsequent search, only the initial stop. Having found that the stop was justified, we overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying appellant's criminal rule 29 motion for acquittal when there was insufficient evidence to sustain a conviction of drug possession."
 ASSIGNMENT OF ERROR III
"The jury verdict was against the manifest weight of the evidence."
 {¶ 9} As Appellant's second and third assignments of error are related, they will be addressed to together. In these assignments of error, Appellant asserts that insufficient evidence was presented to sustain his conviction and that his conviction was against the manifest weight of the evidence. This Court disagrees.
 {¶ 10} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.)
State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Therefore, we will address Appellant's assertion that his conviction was against the manifest weight of the evidence first as it is dispositive of Appellant's claim of insufficiency.
 {¶ 11} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 12} Appellant was convicted of possession of crack cocaine in violation of R.C. 2925.11(A) which provides as follows: "No person shall knowingly obtain, possess, or use a controlled substance." Additionally, R.C. 2901.22(B) defines knowingly as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Appellant contends that the State failed to prove that the drugs belonged to him, and therefore failed to prove the essential elements of possession of a controlled substance.
 {¶ 13} Possession however, need not be actual; it may be constructive. State v. Butler (1989), 42 Ohio St.3d 174, 176. Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it.State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession. State v. Haynes (1971),25 Ohio St.2d 264, paragraph two of the syllabus; State v. Riley (Nov. 21, 2001), 9th Dist. No. 20618, at 4. Additionally, possession of the keys to a vehicle is a strong indicator that a defendant has control over the vehicle and all things found in the vehicle. State v. Ray, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, at ¶ 23.
 {¶ 14} In the instant matter, the crack cocaine was seized from between the driver's seat and the passenger's seat. Consequently, both Appellant and his cousin had equal access to the drugs. Appellant was driving the vehicle, and thus had its keys. Additionally the drugs were found on top of Appellant's wallet, and both he and his cousin denied ownership of the drugs. No fingerprints were recovered from the bag in which the drugs were stored. Appellant has asserted that these facts do not amount to constructive possession because he had borrowed the car and because the drugs were not readily usable. We find that such an argument lacks merit.
 {¶ 15} At the time of the search, Appellant was in control of the vehicle. He presented no evidence at trial that anyone else had placed the drugs in the vehicle. Further, we decline to accept his proposition that the drugs were not readily usable. Simply because Appellant did not have drug paraphernalia on his person does not compel the conclusion that the drugs were not readily usable. Additionally, readily usable drugs are not a requirement of constructive possession; readily usable drugs merely support such a conclusion. Ray, at ¶ 23. The facts at trial demonstrated that Appellant had approximately 84 rocks of crack cocaine within arm's length in the vehicle he was driving and that the drugs were sitting on top of his wallet. Accordingly, we cannot say that the jury lost its way in convicting Appellant of possession of crack cocaine. Id. at ¶ 25.
 {¶ 16} Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at 4. Appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"Trial counsel rendered ineffective assistance of counsel when he failed to put appellant on the stand as the only witness available to explain the presence of drugs in the vehicle."
 {¶ 17} In his fourth assignment of error, Appellant argues that his trial counsel was ineffective for not calling him to the stand. We find that Appellant's argument lacks merit.
 {¶ 18} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141; State v. Lytle (1976), 48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "`counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v.Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48-49, quotingStrickland, 466 U.S. at 687. Additionally, debatable trial tactics do not give rise to a claim of ineffective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 49, certiorari denied (1980),449 U.S. 879.
 {¶ 19} Appellant does not suggest that his counsel forbade him from testifying. His proposition is simply that it was unsound trial strategy in failing to call him to testify. Further, Appellant's testimony by all accounts would have consisted of his denying any knowledge of the presence of the crack cocaine. The impact of such self-serving testimony is entirely speculative. Speculation is insufficient to demonstrate the required prejudice under a claim of ineffective assistance of counsel.State v. Stalnaker, 9th Dist. No. 21731, 2004-Ohio-1236, at ¶¶ 8-10. Accordingly, Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"The trial court erred when it failed to allow defense witness talisha duley to offer character evidence of the accused in accordance with ohio ev. r. 404(a)(1) and 405."
 {¶ 20} In his fifth assignment of error, Appellant alleges that the trial court erred in restricting the admission of evidence of his character. We disagree.
 {¶ 21} The admission of evidence is within the sound discretion of the trial court. State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, at 4. Therefore, unless the trial court has abused its discretion and the Appellant has been materially prejudiced thereby, this Court will not interfere. Id. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 22} In his brief, Appellant asserts that his examination of Talisha Duley was improperly limited by the trial court. In support, Appellant cites to comments made by his trial counsel at a hearing on his motion for a new trial. However, the transcripts of Appellant's trial do not indicate that his counsel's questions were restricted in any way.
Appellant's Counsel: "Okay, here's what I want to get at. Has he ever done drugs before. Do his friends know him to do drugs. Does he have a reputation for that. That's relevant."
Court: "All right."
Appellant's counsel then proceeded to ask Ms. Duley whether she had ever known Appellant to use drugs in the nine years that she had known him. She answered that Appellant had never used drugs. The record does not reflect that the trial court restricted Appellant's counsel in any way during his examination of Ms. Duley. Therefore, we cannot find that the trial court abused its discretion. Appellant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"The trial court abused [its] discretion and erred to the prejudice of appellant when it failed to grant a new trial based on the full confession of taureen robinson."
 {¶ 23} In his final assignment of error, Appellant alleges that the trial court erred when it denied his motion for a new trial. Specifically, Appellant asserts that the full confession of his cousin constitutes newly discovered evidence and provides sufficient grounds to justify a new trial. This Court disagrees.
"The granting of a motion for a new trial upon the ground named [, newly discovered evidence,] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. The rule of procedure in this regard has been frequently announced by this court. The new testimony proffered must neither be impeaching nor cumulative in character. Were the rule otherwise the defendant could often easily avail himself of a new trial upon the ground claimed. Unless the trial court or court of error, in view of the testimony presented to the court and jury, finds that there is a strong probability that the newly discovered evidence will result in a different verdict, a new trial should be refused." State v. Lopa (1917), 96 Ohio St. 410, 411.
As noted above, abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore, 5 Ohio St.3d at 219. The Ohio Supreme Court went on to clarify the requirements for a new trial, holding:
"To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Petro
(1947), 148 Ohio St. 505, syllabus.
 {¶ 24} We find that the trial court did not abuse its discretion in denying Appellant's motion for a new trial. First, we find it doubtful that Taurean Robinson's confession was evidence that could not have been discovered through the exercise of due diligence before Appellant was convicted. Only two individuals were in the van at the time it was searched, and Appellant was adamant that the crack cocaine did not belong to him. Further, the record reflects that Taurean Robinson was acquitted of possession of cocaine regarding this incident prior to Appellant's conviction. As such, there is no reason that Appellant could not have compelled Taurean's testimony. Further, we find that Taurean's confession does not create a strong probability of a different result. The record reflects that Taurean consistently denied that the crack cocaine belonged to him. He only confessed after he had been acquitted of possession of crack cocaine. Further, the physical evidence contradicts Taurean's confession. Taurean testified that he dropped the bag on the floor of the van immediately after the van was pulled over and that it must have landed on Appellant's wallet. No fingerprints, however, were recovered from the bag contain the crack cocaine. As the trial court had the opportunity to evaluate Taurean's credibility and view the physical evidence which contradicted his confession, we cannot say that the trial court acted in an arbitrary manner in denying Appellant's motion for a new trial. Accordingly, Appellant's final assignment of error is overruled.
 III. {¶ 25} Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.