DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Charles D. Porter, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of possession of cocaine. This Court affirms.
 I. {¶ 2} On May 12, 2004, Officers Justin Ingham and David Hutchinson of the Akron Police Department made a traffic stop on a vehicle being driven by appellant when appellant ran a stop sign. Upon learning that appellant had outstanding warrants, the officers placed him under arrest and performed an inventory search of the vehicle so that it could be towed. While conducting the search, Officer Hutchinson observed a plastic baggie containing a small amount what appeared to be cocaine in the center console of the car. Officer Hutchinson field-tested the substance and it tested positive for cocaine. After reading appellant his Miranda rights, Officer Ingham questioned him about the baggie that was found in the vehicle. Appellant admitted that he had been smoking cocaine earlier that evening, but denied that the cocaine found in the car was his.
 {¶ 3} Appellant was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), and one count of running a stop sign in violation of R.C. 4511.12. Appellant pled not guilty and waived his right to a jury trial. After hearing all the evidence, the trial court found appellant guilty of both charges in the indictment. Appellant was sentenced to a term of imprisonment of 10 months, which was suspended on the condition that he complete one year of community control. The trial court also ordered appellant to pay a fine of $100.00 for failure to stop at a stop sign.
 {¶ 4} Appellant timely appealed his conviction of possession of cocaine, setting forth two assignments of error for review. The two have been combined to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"APPELLANT'S CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 SECOND ASSIGNMENT OF ERROR
"APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In his two assignments of error, appellant asserts that insufficient evidence was presented to sustain his conviction and that his conviction was against the manifest weight of the evidence. This Court disagrees.
 {¶ 6} While this Court notes that the sufficiency and manifest weight of the evidence are legally distinct issues, appellant's two assignments of error may be resolved upon a finding that his conviction was not against the manifest weight of the evidence. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins (1997),78 Ohio St.3d 380, 386. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v.Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 7} In reviewing whether appellant's conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This Court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. SykesConstr. Co., Inc. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038.
 {¶ 8} In the present case, appellant was charged with possession of cocaine, a violation of R.C. 2925.11(A), which provides: "No person shall knowingly obtain, possess, or use a controlled substance." Additionally, R.C. 2901.22(B) defines knowingly as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Appellant contends that the State failed to prove that the drugs belonged to him, and therefore failed to prove the essential elements of possession of a controlled substance.
 {¶ 9} Possession however, need not be actual; it may be constructive. State v. Butler (1989), 42 Ohio St.3d 174, 175. Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it. State v. Hankerson (1982),70 Ohio St.2d 87, syllabus. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession. State v. Robinson, 9th Dist. No. 04CA0066, 2005-Ohio-2151 at ¶ 13; State v. Riley (Nov. 21, 2001), 9th Dist. No. 20618. Additionally, possession of the keys to a vehicle is a strong indicator that a defendant has control over the vehicle and all things found in the vehicle. Robinson
at ¶ 13, citing State v. Ray, 9th Dist. No. 03CA0062-M,2004-Ohio-3412, at ¶ 23.
 {¶ 10} In the instant matter, Officer Ingham testified that the cocaine was seized from the center console of the vehicle. Officer Hutchinson further testified that the drugs were found on top of the console in plain view between the driver's and passenger's seats. Consequently, appellant had access to the drugs. Appellant was driving the vehicle, and thus had its keys. Appellant has asserted that these facts do not amount to constructive possession because he had borrowed the car. This Court finds that such an argument lacks merit.
 {¶ 11} At the time of the search, appellant was in control of the vehicle and was the sole occupant. The facts at trial demonstrated that appellant had cocaine within arm's length in the vehicle he was driving and that the drugs were sitting on top of the console. Furthermore, Officer Hutchinson testified that appellant admitted to smoking cocaine earlier that same evening. Accordingly, this Court cannot say that trial court lost its way in convicting appellant of possession of cocaine. Id. at ¶ 25.
 {¶ 12} Having disposed of appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra. Appellant's first and second assignments of error are overruled.
 III. {¶ 13} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Moore, J. concur.