DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Justin Cremeans, appeals from his conviction in Wadsworth Municipal Court. This Court affirms.
 I. {¶ 2} On March 22, 2005, appellant was stopped by Medina County Deputy Dan Kohler when he failed to use a turn signal when changing lanes. While another officer wrote appellant a warning, Deputy Kohler retrieved his canine and performed a drug sniff on the vehicle. Prior to conducting the sniff, appellant and his three passengers were removed from the car. The canine, Casey, alerted on the car and Deputy Kohler subsequently searched the vehicle. In the center console, Deputy Kohler discovered metal screens and what he believed to be marijuana. In addition, he retrieved marijuana seeds from the floor of the backseat of the car. As a result of the search, appellant was charged with one count of possession of drug paraphernalia in violation of R.C.2925.14(C)(1). Following a bench trial, appellant was found guilty and sentenced accordingly. Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY OF POSSESSION OF DRUGS IN VIOLATION OF 2925.11 O.R.C., POSSESSION OF MARIJUANA AND 2925.14(C)(1) O.R.C., POSSESSION OF DRUG PARAPHERNALIA * * *."
 {¶ 3} In his sole assignment of error, appellant argues that the trial court erred in convicting him of possession of drug paraphernalia. Specifically, appellant asserts that the trial court relied exclusively upon the fact that he was driving the car to support his conviction. This Court disagrees.
 {¶ 4} We begin by noting that appellant has not offered a standard of review for his assignment of error. In substance, however, appellant argues that his conviction is against the weight of the evidence. Accordingly, this Court reviews his assignment of error under such a standard of review.
 {¶ 5} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 6} Appellant was convicted of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) which provides as follows:
"No person shall knowingly use, or possess with purpose to use, drug paraphernalia."
Additionally, R.C. 2901.22(B) defines knowingly as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 7} Appellant contends that the State failed to prove that the drug paraphernalia belonged to him, and therefore failed to prove the essential elements of possession of drug paraphernalia.[1]
 {¶ 8} Possession however, need not be actual; it may be constructive. State v. Butler (1989), 42 Ohio St.3d 174, 175. Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it. State v. Hankerson (1982),70 Ohio St.2d 87, syllabus. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession. State v. Haynes (1971),25 Ohio St.2d 264, paragraph two of the syllabus; State v. Riley (Nov. 21, 2001), 9th Dist. No. 20618. Additionally, possession of the keys to a vehicle is a strong indicator that a defendant has control over the vehicle and all things found in the vehicle. State v.Ray, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, at ¶ 23. Finally, multiple persons may constructively possess the same thing.State v. Galindo (July 9, 1999), 6th Dist. No. L-98-1242.
 {¶ 9} Upon review of the record, this Court cannot say that the trial court lost its way in finding that appellant constructively possessed the drug paraphernalia. Deputy Kohler testified as follows. The marijuana and metal screens were recovered from a console located between the driver and front-seat passenger. Accordingly, each of the passengers in the car did have access to those items. Additionally, appellant was driving at the time of the traffic stop; therefore, he was in possession of the keys to the vehicle. Further, appellant admitted that he knew the metal screens were used with marijuana pipes and that they belonged to a friend. Appellant, however, declined to identify the friend.
 {¶ 10} Contrary to appellant's assertions, therefore, his conviction was not based solely upon the fact that he was the driver of the car. The trial court had the following evidence before it: 1) appellant's admission that he knew the screens were drug paraphernalia; 2) appellant's admission that he knew to whom the drug paraphernalia belonged; 3) the vehicle's keys were in appellant's possession; and 4) the drug paraphernalia was in close proximity to appellant's position in the vehicle. Based upon that evidence, this Court cannot say that the trial court lost its way in finding appellant guilty. Accord State v.Robinson, 9th Dist. No. 04CA0066, 2005-Ohio-2151, at ¶ 13-15
(affirming defendant's conviction when drugs were found between driver and passenger and multiple people were present at the time of the search). Appellant's sole assignment of error is overruled.
 III. {¶ 11} Appellant's sole assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Boyle, J. Concur.
[1] Appellant also asserts that the trial court utilized an incorrect standard of law in finding him guilty. While the trial court may not have fully articulated the law surrounding constructive possession, there is no evidence that the trial court used an improper standard. Further, the trial court's oral recitation of the law in no way impacts this Court's review of appellant's conviction.