DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Tracy L. Parker, appeals from his conviction for possession of cocaine in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On June 23, 2005, the Summit County Grand Jury indicted Defendant on four separate counts: (1) possession of cocaine, in violation of R.C. 2925.11(A); (2) driving under suspension, in violation of R.C. 4510.11; (3) improper registration, in violation of R.C. 4549.11; and (4) lighted lights required, in violation of R.C. 4513.15. A jury found Defendant guilty of count one, possession of cocaine. Following the jury's verdict, the trial court sentenced him accordingly. Defendant timely appealed the possession of cocaine conviction, raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"Each of the convictions returned against the Defendant must be reversed because each is against the manifest weight of the evidence."
 {¶ 3} In his sole assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the evidence presented by the State does not support his conviction, and thus, is against the manifest weight of the evidence. Defendant's assignment of error lacks merit.
 {¶ 4} "[A] manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing State v. Thompkins
(1997), 78 Ohio St.3d 380, 390 (Cook, J. concurring). When a Defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id; State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 5} This case does not present us with such "extraordinary circumstances." Defendant was found guilty of possession of cocaine, in violation of R.C. 2925.11(A). R.C. 2925.11(A) states that a person is guilty of violating the statute when he "knowingly obtain[s], possess[es], or use[es] a controlled substance." Cocaine is a Schedule II controlled substance. See R.C. 3719.01(C), R.C. 3719.41. A person is in possession when he has "control over a thing or substance." R.C. 2901.22(B). "Possession of the keys to a vehicle is a strong indicator that a defendant has control over the vehicle and all things found in the vehicle." State v. Robinson, 9th Dist. No. 04CA0066,2005-Ohio-2151, at ¶ 13, citing State v. Ray, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, at ¶ 23.
 {¶ 6} At trial, Officer Cresswell testified that on June 14, 2005, he and his partner pulled over a van driven by Defendant for a headlight violation. He testified that upon checking Defendant's driving record, license plate and VIN, he determined that Defendant's license was suspended, that the license plate did not belong to the van, and that the VIN number was not registered to any owner. Because the vehicle did not have the proper registration, it could not be driven. Officer Cresswell testified that he was required to search and tow the vehicle. Upon searching the vehicle, Cresswell found, among other things, a blue canister on the key ring in the van's ignition that appeared to contain crack cocaine. Robert Velten of the Ohio Bureau of Criminal Identification and Investigation testified that the substance in the blue canister was cocaine.
 {¶ 7} At trial, Defendant asserted that the blue canister containing cocaine was not attached to his key ring and that because he was in the process of buying the van, he was not aware of everything in the van. As such, Defendant argues that the evidence at trial did not support his possession of cocaine. However, Defendant was in possession of the car keys allowing him to drive the vehicle and he specifically testified at trial that everything in the van belonged to him.
 {¶ 8} In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. SeeState v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13. "When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."State v. Banks (2006), 2006-Ohio-2682, at ¶ 25, citing Statev. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, at 2. Here, the jury was entitled to believe that Defendant possessed and/or controlled everything in the van, including the key ring, and that the blue canister containing cocaine was attached to the key ring.
Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of possession of cocaine. Accordingly, Defendant's assignment of error is overruled and the conviction of the Summit County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Moore, J., concur.